UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELITO A. ROMERO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. KOENIG,<br><br>　　　　　Respondent. | No. 1:19-cv-01642-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 11, 12) |

　　　　Petitioner Angelito A. Romero is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302

　　　　On February 25, 2020, the assigned magistrate judge issued findings and recommendations recommending that petitioner's second amended petition be summarily dismissed because, like the original and first amended petition, it too fails to comply with § 2254 and Rule 2(c) the Rules Governing Section 2254 Cases by failing to adequately set forth grounds for relief.  (Doc. No. 12 at 2–3.)  In particular, the findings and recommendations concluded that petitioner had failed to present a cognizable claim for federal habeas relief because his allegations are vague, unclear, and nonsensical.  (*Id.* at 3.)  The findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within thirty (30) days

1

after service. (*Id.*) Petitioner received several extensions of time in which to file objections to the pending findings and recommendations. (*See* Doc. Nos. 14, 17, 19, 21, 23.) To date, petitioner has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued February 25, 2020 (Doc. No. 12) are adopted in full;
2. The petition for writ of habeas corpus (Doc. Nos. 1, 11) is summarily dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 10, 2021**

                                                                        UNITED STATES DISTRICT JUDGE